# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue, N.W. Washington, DC 20460<br><br>*Defendant.* | CIVIL ACTION NO. 1:20-cv-2212 |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("EPA") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents related to EPA's proposed rulemaking titled "Modernizing the Administrative Exhaustion Requirement for Permitting Decisions and Streamlining Procedures for Permit Appeals" published in the Federal Register on December 3, 2019. 84 Fed. Reg. 66,084.

2. To date, Defendant has failed to make a determination on Plaintiff's FOIA requests or to disclose to the Plaintiff any of the requested documents within the time stipulated under FOIA or provide any date when such documents will be disclosed.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

**PARTIES**

7. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

8. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEER Review* newsletter.

9. Defendant EPA is an agency of the United States under 5 U.S.C. § 552(f)(1).

10. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff

with a determination on its FOIA request or the records requested within 20 working days of March 24, 2020, is a violation of FOIA.

## STATEMENT OF FACTS

11. On December 3, 2019 EPA published a notice in the Federal Register of a proposed rulemaking action titled "Modernizing the Administrative Exhaustion Requirement for Permitting Decisions and Streamlining Procedures for Permit Appeals" which would modify the process used by the agency for alternative dispute resolution related to permitting matters. See 84 Fed. Reg. 66,084.

12. The notice of proposed rulemaking provided that parties would be able to proceed with an appeal directly to EPA's Environmental Appeals Board ("EAB") and also modified the "scope and standard of EAB review, remove[d] a provision authorizing participation in appeals by amicus curiae, and eliminate[d] the EAB's authority to review Regional permit decisions on its own initiative, even absent an appeal." *Id*. It also proposed a new mechanism whereby "the Administrator, by and through the General Counsel, can issue a dispositive legal interpretation in any matter pending before the EAB." *Id*.

13. On March 24, 2020, PEER submitted a FOIA Request to EPA via FOIAonline.gov seeking information related to the development of this proposed rule created between January 20, 2017 and the date of PEER's FOIA request. Specifically, PEER sought:

    a. Any documents and communications between current and former EPA political appointees, including but not limited to Andrew Wheeler, Doug Benevento, Matthew Leopold, and David Harlow and any outside parties, including but not limited to Bill Wehrum and Jeff Holmstead and their associates, concerning EPA's proposal for Modernizing the Administrative Exhaustion Requirement for

        Permitting Decisions and Streamlining Procedures for Permit Appeals, published in the Federal Register at 84 FR 66084.

14. The same day that PEER submitted its FOIA request, FOIAOnline confirmed receipt and assigned the request tracking number EPA-HQ-2020-3809.

15. On April 23, 2020, EPA delivered PEER a letter seeking clarification of the custodian list and date range which PEER included in its request. EPA separately notified PEER via FOIAonline.gov that the request's tracking number had been updated to EPA-2020-003809 (removing the letters "HQ-").

16. PEER contacted EPA's FOIA Office and held a call on April 28, 2020 to resolve EPA's concerns regarding interpretation of the terms of the request, which resolved EPA's questions and narrowed certain open-ended terms of the request.

17. On July 22, 2020 Senator Thomas Carper sent EPA a letter urging the agency to withdraw the proposed rule which PEER had requested information on in FOIA request EPA-2020-003809.[1] In addition to the legal concerns raised by Senator Carper, his letter included a section entitled "EPA Has Failed to Comply With Repeated Document Requests About this Proposal" detailing multiple requests for information which EPA had failed to respond to.

18. Also on July 22, 2020, EPA finalized the proposed rule titled "Modernizing the Administrative Exhaustion Requirement for Permitting Decisions and Streamlining Procedures for Permit Appeals."

19. On July 23, 2020, PEER emailed the two EPA FOIA staff who had been on the April 28, 2020 call to inquire about the status of its FOIA request EPA-2020-003809.

---

[1] Available at https://www.epw.senate.gov/public/index.cfm/press-releases-democratic?ID=E8E8F977-95F0-4CB8-87AA-B8062FDFF5B0.

20. On July 28, 2020, EPA responded to PEER's July 23 email stating that it had created a "workspace" in EPA's document review software but that it would still take several more weeks before the agency could commit to a timeline by which it might respond to PEER's FOIA request.

21. PEER has not received any information from EPA concerning this FOIA request since July 28, 2020.

22. EPA has failed to make a final determination on PEER's FOIA request and PEER has received no documents or information in response to its FOIA request.

## CAUSE OF ACTION

23. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

24. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

25. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

26. Twenty-two working days after PEER submitted its FOIA request on March 24, 2020, EPA notified PEER that the "processing clock is stopped for your FOIA request" in its April 23 letter seeking clarification of certain terms in that request.

27. EPA's April 23, 2020 letter also invoked unusual circumstances requiring ten more working days to respond to PEER's FOIA request. It stated: "EPA anticipates that the response will take at least an additional 10 working days to respond. If EPA will require more than the additional 10 working days to respond, our FOIA Program will contact you to provide information on the estimated date of completion."

28. EPA has not informed PEER that it would require more than the ten additional working days to respond.

29. Assuming that EPA's "pause" of the "processing clock" between EPA's April 24, 2020 letter and the parties' April 28, 2020 phone call had legal effect on EPA's obligations under FOIA, thirty working days (20 plus the 10 day extension) from March 24, 2020, (the date PEER submitted its FOIA request) was May 8, 2020 (excluding weekends, federal holidays, and April 24-28).

30. The FOIAonline.gov page providing information concerning FOIA request EPA-2020-003809 states that EPA's estimated date of completion for this FOIA request was May 21, 2020, which was the twentieth working day after EPA's April 23, 2020 letter seeking clarification and invoking unusual circumstances.

31. Under either PEER or EPA's reckoning of the due date for this FOIA request, it has been more than two months since EPA was legally required to make a determination on PEER's FOIA request and provide responsive public records.

32. As of the date of this filing, Plaintiff has received no determination and no records in response to its FOIA request.

33. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its March 24, 2020 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

34. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the EPA's regulatory activity concerning the EAB.

35. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

36. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's March 23, 2020, FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

 ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 11, 2020,

s/ *Paula Dinerstein*_____
Paula Dinerstein, DC Bar # 333971

Kevin H. Bell
NY Bar No. 5448626 (pending local admission)

Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*